**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 3, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DENNIS R. CORNWELL,
individually and as Personal
Representative of the Estate of Renia
A. Cornwell, Deceased,

        Plaintiff-Appellant,

v.

UNION PACIFIC RAILROAD
COMPANY, a foreign Corporation,

        Defendant-Appellee.

No. 10-5151
(D.C. No. 4:08-CV-00638-JHP-TLW)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**EBEL**, Circuit Judge.

---

      Renia A. Cornwell died at a railroad grade crossing when the vehicle she

was driving hit a locomotive owned and operated by Union Pacific Railroad

Company. Her husband, Dennis R. Cornwell, brought a wrongful death action

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

against Union Pacific alleging negligent, reckless, and intentional wrongdoing in the operation and maintenance of the locomotive's horn as well as in the construction and maintenance of the crossing. Union Pacific moved for summary judgment and also moved to exclude the testimony of Mr. Cornwell's four experts based on the considerations expressed in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589-93 (1993). The district court granted the summary judgment motion in part and ruled that the testimony of three experts should be excluded. The case proceeded to a jury trial. At its conclusion, the jury entered a verdict in favor of Union Pacific. Mr. Cornwell now appeals, seeking to overturn the adverse pre-trial rulings. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

Mrs. Cornwell's Chevrolet Blazer collided with Union Pacific's locomotive at 11:45 a.m. on a clear day in Vinita, Oklahoma. The investigating police officer cited Mrs. Cornwell for failure to yield to the oncoming train, but the citation was dismissed after her death. Many, but not all, witnesses to the incident heard the locomotive's horn sound before the collision. The train's recording devices provided contradictory information. The data-event recorder indicated that the horn sounded, but the horn is not audible upon a review of the track-image recorder.

At the time of the collision, the crossing had advanced-warning posts and railroad-crossing crossbuck signs. There was also a signal box, a six-foot high aluminum cabinet with electronic circuitry designed to operate lights and gates at a railroad crossing. The signal box was to power and control the warning devices that Union Pacific was installing. These lights and gates were completed and the signal box was operational about a month after the accident.

II.

The initial issue in this appeal concerns the district court's grant of summary judgment on Mr. Cornwell's claim that Union Pacific failed to keep the crossing free of obstructions, as required by Oklahoma regulatory law. The applicable regulation provides: "Railroads . . . are responsible for the reasonable abatement at public crossings of . . . obstructions within or encroaching a sight triangle. . . . Devices, signs or structures necessary for the operation of the railroad . . . are not considered obstructions." Okla. Admin. Code § 165:32-1-11(b).

Indisputably, the signal box was present in the sight triangle of the crossing and it was not yet controlling any lights or gates. Union Pacific argued, however, that the signal box was a device "necessary for the operation of the railroad" and therefore not an obstruction. Mr. Cornwell maintained that because no lights and gates were installed by the day of the accident, the signal box was not necessary to the operation of the railroad. The district court agreed with Union Pacific's

position and entered summary judgment regarding claims related to liability for failing to remove an obstruction. The court recognized, though, that evidence on obstructions to Mrs. Cornwell's view of the train would remain relevant to the case.

We review a district court's grant of summary judgment de novo. *Trans Western Petroleum, Inc. v. U.S. Gypsum Co.*, 584 F.3d 988, 992 (10th Cir. 2009). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The district court's interpretation of the Oklahoma regulation is likewise subject to de novo review. *See Andersen v. Dir., Office Of Workers' Comp. Programs*, 455 F.3d 1102, 1103 (10th Cir. 2006).

The district court correctly determined that the signal house fits within the regulation's exception for a device necessary for operation of the railroad. It would be anomalous for a railroad to be subject to liability for the sequencing of its construction of enhanced safety protections. And, as the district court pointed out, it would be dangerous to install lights and gates first because the motoring public would rely on equipment that was without a power source. We affirm the district court's entry of summary judgment on this issue.

## III.

The summary judgment ruling did not dispose of all of Mr. Cornwell's claims. Remaining factual issues included (1) whether Union Pacific employees

failed to sound the train's horn for the minimum duration and decibel level required by law and (2) whether Mrs. Cornwell's view of the train was obstructed. Before trial, Union Pacific filed motions to exclude the testimony of plantiff's experts under Federal Rule of Evidence 702 and *Daubert*, 509 U.S. 579.

With regard to plaintiff's general railroad expert, Alan W. Haley, Jr., the district court held a hearing, considered Haley's testimony and declarations, evaluated the parties' arguments, then issued an order excluding his evidence. The court determined that Haley lacked qualifications to testify on the operation of the locomotive, failed to apply reliable methods, frequently changed his opinions, and based his testimony on insufficient data. The district court therefore concluded that Haley had not met the requirements to testify as an expert.

Plaintiff designated three additional experts: an acoustical engineer, Michael Keane; an accident reconstructionist, Robert Painter; and Painter's accompanying videographer, Bryan Schubert. The district court determined that Keane's testimony was admissible but not that of Painter and Schubert. The district court first found that, in preparing their report and video, the two trespassed on Union Pacific's railroad tracks and adjoining right-of-way. Because they did not request permission to enter the property for purposes of inspection under Rule 34 of the Federal Rules of Civil Procedure, and perhaps put

themselves and others in danger, the court ruled that the Painter's opinion and Schubert's video should be excluded.

Moreover, the district court reviewed the substance of Painter's proposed testimony under *Daubert* standards and found it deficient even though Painter was generally qualified as an accident reconstructionist. First, Painter opined that the signal box masked Mrs. Cornwell's view of the light on the front of the locomotive, thereby making it impossible for her to perceive the approaching train. The accident, however, occurred during the daytime in clear weather, so the train light would not have been her sole visual cue. And in Painter's proffered photographs, the lead engine is not visible behind the signal house, but numerous other rail cars are. The court also found Painter's remaining opinions to be either unhelpful to the jury or based on speculation. The court therefore determined that Painter's opinions on Mrs. Cornwell's view of the approaching train were inadmissible.

For like reasons, the district court excluded the report and testimony of Schubert, the videographer. Specifically, the court noted that his photos and video involved a dissimilar vehicle and a different locomotive. The district found Schubert's investigation flawed, his conclusions unreliable, and his work product unhelpful.

On appeal, Mr. Cornwell challenges the district court's assessment of the expert's evidence. Under *Daubert*, a trial court "must determine at the outset,

-6-

pursuant to Fed. R. Evid. 104(a), whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." *Hollander v. Sandoz Pharm. Corp.*, 289 F.3d 1193, 1203-04 (10th Cir. 2002) (brackets and internal quotation marks omitted). "[T]he district court performs an important gatekeeping role in assessing scientific evidence," in order to "ensure[] that the proffered evidence is both reliable and relevant." *Id.* at 1204 (internal quotation marks omitted). To the district court's application of *Daubert,* we "afford *substantial deference*" and do not disturb its decision without "a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Id.* (internal quotation marks omitted). The trial court's "exact conclusions reached to exclude or admit expert testimony" are not the "concern[]" of the appellate court. *Frederick v. Swift Transp. Co.*, 616 F.3d 1074, 1082 (10th Cir. 2010).

Haley, the proposed railroad expert, provided numerous and mutable opinions on the reliability of the track image recorder video, reasons why the horn could not be detected on the recorder's audio, theories on the disagreement of witnesses about the sounding of the train horn, and the application of the Oklahoma regulation to the placement of the signal box. Our review of the record convinces us that the district court did not abuse its discretion in excluding

Haley's testimony because Haley lacked the proper background and his opinions would not provide meaningful assistance to the jury.

The primary purpose of Painter's and Schubert's evidence was to show that the signal box blocked Mrs. Cornwell's view of the oncoming train. To prepare their visual aids and reports, they drove on the railroad's right of way next to the track to place cardboard markers at intervals and then took a video and photographs designed to show the view of a motorist traveling in the same direction as Mrs. Cornwell. They used a minivan rather than an SUV, placing the camera where they calculated her eye level to have been. And based on photographs produced by Union Pacific, they believed the locomotive in their demonstrative video and photographs was substantially the same height and width as the one involved in the accident. They also speculated on the tracking of Mrs. Cornwell's eyes as she approached the crossing.

The district court determined that their proffered evidence was unreliable under *Daubert* standards: their evidence was speculative and conclusory, particularly in using a dissimilar vehicle and in assuming the movement of Mrs. Cornwell's eyes and her visual cues at the crossing. The court therefore excluded Painter's and Schubert's evidence and testimony.

The district court's ruling is supported by Tenth Circuit precedent and case law from other circuits. In *United States v. Gabaldon*, 389 F.3d 1090, 1099 (10th Cir. 2004), we affirmed the district court's exclusion of expert testimony for

lack of sufficient methodology and reasoning because the expert used published material on a 1996 LeSabre, rather than testing his theory by the placing defendant in an actual 1996 LeSabre and taking measurements. *See also Dhillon v. Crown Controls Corp.*, 269 F.3d 865, 870 (7th Cir. 2001) (holding expert testimony based on tests performed on differently designed forklift truck with different operator's position did not suffice for purpose of allowing such testimony); *Oddi v. Ford Motor Co.*, 234 F.3d 136, 156 (3d Cir. 2000) (affirming district court's exclusion of expert hypotheses, in part, because expert was unable to state if he studied the same kind of truck involved in the accident). Because "any step that renders the analysis unreliable renders the expert's testimony inadmissible," *Att'y Gen. of Okla. v. Tyson Foods, Inc.*, 565 F.3d 769, 780 (10th Cir. 2009) (internal quotation marks omitted), the district court's *Daubert* decision is not unreasonable and does not amount to an abuse of discretion.[1]

We do not reach any issues related to the trespass involved in obtaining the visual evidence and reaching an expert opinion. Even if the district court abused its discretion or otherwise erred in excluding Painter and Schubert for this reason,

---

[1] On appeal, Mr. Cornwell raises additional arguments concerning the district court's *Daubert* determination. For instance, he asserts that Haley is a well-qualified expert and that Schubert is not an expert subject to a *Daubert* analysis. None of these contentions lead us to conclude that the district court abused its discretion.

any mistake was harmless or nonprejudicial in that the court also considered admissibility on *Daubert* grounds.[2]

The judgment of the district court is AFFIRMED. Appellant's motion to file a corrected substitute reply brief is GRANTED.

Entered for the Court


Wade Brorby
Senior Circuit Judge

---

[2] Union Pacific suggests other reasons for this court's affirmance of the district court's decision, asserting that there are deficiencies in Mr. Cornwell's appellate practices. Because we have reached the merits of this appeal, we do not address these arguments.